UNITED STATES of America, Plaintiff,

v.

LOCAL 1804–1, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO, et al., Defendants.

No. 90 CIV 0963 (LBS).

United States District Court, S.D. New York.

Sept. 11, 1990.

See also 732 F.Supp. 434.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Chad A. Vignola, Steven C. Bennett, Peter C. Sprung, James L. Cott and Richard W. Mark, Asst. U.S. Attys., of counsel), New York City, for plaintiff.

O'Connor & Mangan (J. Kenneth O'Connor, of counsel), Mineola, N.Y., for ILA Local 1804-1.

Bogucki & Scotto (Robert H. Gobucki and A. Thomas Scotto, of counsel), New York City, for ILA Local 1814.

Vladeck, Waldman, Elias & Engelhard, P.C. (Seymour M. Waldman, of counsel), New York City, for ILA Local 1909.

Thomas W. Gleason (Ernest L. Mathews, Jr. and Irwin Rochman, of counsel), New York City, for ILA Locals 1809 and 824.

Bruce Cutler by Hoffman & Pollok (Frederick H. Cohn, of counsel), New York City, for John Gotti.

James Corcoran, New York City, for defendant Metropolitan Marine.

Bower & Gardner (James D. Harmon, Jr. and Michael I. Eng, of counsel), New York City, for defendant N.Y. Shipping Ass'n.

Gareth Stewart, New York City, for defendant Alfred Small.

Richard Stanley, New York City, for defendants Robert Gleason and George Bradley.

Donald L. Sapir, White Plains, N.Y., for defendant Frank Lonardo.

James A. Cohen, New York City, for defendant John Bowers.

Kaplan & Katzberg, Kenneth Kaplan, New York City, for defendants Blase Terraciano and Dominick Sanzo.

Joseph Gillette, New York City, for defendants John Potter, Anthony Pimpinella and Anthony Ciccone.

Goldman & Hafetz, Frederick Hafetz and Susan Necheles, New York City, for defendant Venero Mangano.

Giblin & Lynch, Thomas Giblin, New York City, for defendant Louis Pernice.

Daggett & Kraemer (George Daggett, of counsel), Sparta, N.J., for Joseph Kenny, Harry Cashin, Ronald Capri and Harold Daggett.

Jerry Tritz, New York City, for defendants Ryan Frankel, Pariser, Rudder & Tritz.

OPINION

SAND, District Judge.

Several motions are before the Court, all of which have been fully briefed and argued but which do not require extensive comment by the Court at this time.

Motions to dismiss or, in the alternative, for a more definite statement, have been filed by the following defendants: Local 1804-1 and its Executive Board, Joseph Kenny, Harry Cashin, Ronald Capri, Harold Daggett, George Barone, Thomas Buzzanca, Louis Pernice, James Cashin, John Barbato, Joseph Colozza, Blase Terraciano, Dominick Sanzo, Robert Gleason, George Bradley, Douglas Rago, George Lachnicht, Venero Mangano, John Gotti, John Bowers and Thomas Ryan. Although captioned as motions to dismiss, it is apparent that movants contend in essence that the United States will be unable to prove at trial the allegations of its complaint, especially those allegations relating to aiding and abetting. We believe that the complaint on its face is adequate and that contentions that the Government's proof will be insufficient are not properly addressed at this time.

■ Local 1809 moves for summary judgment on the grounds that there is no evidence that its members were extorted. Local 1809 points to affidavits it proffered from over 100 of its members attesting to the absence of fear on their part and the absence of any countervailing affidavits. The Government has submitted an affidavit of Special Agent George Walker of the F.B.I. which states that individual Local 1809 members have stated to him that they are in fear of physical harm should it be known that they have spoken to the F.B.I. The identity of these individuals has not been disclosed, not even to the United States Attorney's office. The affidavit states (¶ 6):

Although the F.B.I. is hopeful that some members ultimately will agree to testify in the future, we are involved in a sensitive stage in the process. The F.B.I.'s primary concern is for the safety of these potential witnesses.

Local 1809 objects to any weight being given to the Walker affidavit. In fact, the Walker affidavit adds little to what the Government has otherwise stated to the Court, *i.e.*, that it is the Government's good faith belief that it will be able, by direct testimony or otherwise, to prove extortion of Local 1809 members. We accept the Walker affidavit as being merely a further representation of that belief. We do not now address the question of admissibility of the affidavit itself or of its contents. We deal solely with the question whether the Government has made a sufficient showing to defeat a motion for summary judgment at this stage of the proceedings.

Local 1809 cites the recent Supreme Court decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), which points to the respondent's obligation to defend against a motion for summary judgment with specificity and a demonstration of the existence of material questions of fact. But language appearing in opinions dealing with commercial disputes where the safety of witnesses is not advanced as a concern may not be dispositive in a context such as is present here. We deny the motion for summary judgment at this time but we do not dismiss lightly Local 1809's protestations that it should not be required to participate in a lengthy and complex trial if in fact the Government will never be able to prove that its members were extorted. As discussed at oral argument, when discovery is complete, we will meet with the parties to take up such matters as sequence of proof and other means to enable the earliest feasible resolution of discrete issues raised by the complaint.

The motions for severance of Joseph Kenny, Harold Daggett, Harry Cashin, Ronald Capri and Local 1804–1 and its Executive Board are denied without prejudice to their renewal when the Court deals with matters relating to the sequence and manner of trial.

■ Locals 1814, 824, 1809, 1909, 1588, Joseph Colozza, Frank Lonardo, Alfred Small, Frank Scollo and Anthony Scotto have asserted numerous affirmative de-fenses, and the Government has moved to strike these defenses. The prime underlying substantive issue is whether LMRDA rights are property rights under *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). We decline to deal with this significant issue at this time and on a motion to strike. We agree with the moving defendants that it would be premature to do so. *See William Z. Salcer, Panfeld, Eldman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) ("[A] motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law").

Accordingly, all the above pending motions are denied. The Court is of the opinion that it has ruled on all outstanding motions. If counsel believe otherwise, the Court should be promptly advised in writing of any outstanding motions.

SO ORDERED.